UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN CAREN,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

    Defendant.

No. 2:17-cv-2010-EFB

MEMORANDUM AND ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 16. For the reasons discussed below, plaintiff's motion for summary judgment is granted and the Commissioner's motion is denied.

I.    BACKGROUND

Plaintiff applied for DIB and SSI on March 19, 2014. Administrative Record ("AR") at 189-202. His application was denied initially and upon reconsideration. *Id.* at 112-124. Plaintiff requested a hearing before an administrative law judge (*id.* at 127-28) and, on May 20, 2016, a hearing was held before administrative law judge ("ALJ") Daniel Myers. *Id.* at 33-58.

/////

1

On August 3, 2016, the ALJ issued a decision finding that plaintiff was not disabled under the relevant sections of the Act (216(i), 223(d), and 1614(a)(3)(A)).[1] *Id*. at 17-28. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since September 26, 2012, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: anxiety disorder; depression; and cognitive disorder (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can understand, remember, and carry out simple work-related instructions. He can have no more than occasional interaction with members of the public, co-workers, and supervisors. The claimant requires no more than occasional changes to the routine work setting and he requires a consistent work schedule.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.925).

\* \* \*

7. The claimant was born [in] 1953 and was 58 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 26, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 19-28.

Plaintiff's request for Appeals Council review was denied on July 28, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-3.

/////

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff argues that the ALJ erred in: (1) failing to provide clear and convincing reasons for rejecting the opinions of his treating doctors; and (2) failing to provide clear and convincing reasons for finding his allegations not credible. Plaintiff contends that he is entitled to a determination that he is disabled and an award of benefits. In the alternative, he contends that the foregoing errors warrant remand for additional administrative proceedings. As discussed below, remand for additional proceedings is appropriate.

Plaintiff argues that the ALJ's evaluation of the opinions of Drs. Regazzi (state-agency examining physician), Shirnoyama (treating physician), and Horton (treating physician) is inconsistent. The court agrees. With respect to Dr. Regazzi, the ALJ wrote:

/////

4

> Dr. Regazzi opined that the claimant was not significantly impaired in his ability to perform detailed and complex tasks versus simple and repetitive tasks; in his ability to maintain regular attendance in the work place; or to perform work activities on a consistent basis. he further opined that the claimant, however, could need more prompts and reminders than the average employee. The doctor opined that the claimant was moderately limited in his ability to complete a normal workday or workweek without interruptions and in his ability to interact with coworkers and the public. In addition, Dr. Regazzi opined that the claimant was moderately limited in his ability to deal with the usual stresses encountered in a competitive work environment, but not significantly limited in his ability to accept instructions from supervisors. This opinion is consistent with the totality of the medical evidence of records. In particular, the claimant's medical testing that indicated no brain abnormalities and only mild cognitive impairment and his improved depression and anxiety with medication. As such, I accord great weight to this opinion.

AR at 24-25. With respect to Drs. Shirnoyama and Horton, the ALJ wrote:

> Dr. Shirnoyama, M.D. concluded that claimant had major depressive disorder, recurrent, which caused considerable impairment in his memory, concentration, and energy. She opined on January 20, 2015, that the claimant had a poor ability to understand and remember detailed or complex instructions, but a fair ability to understand and remember very short and simple instructions. Additionally, Dr. Shirnoyama opined that the claimant had a poor ability to carry out instructions, to attend and concentrate, and a fair ability to work without supervision. She opined that the claimant had a poor ability to interact with co-workers, but a fair ability to interact with the public and supervisors. Furthermore, she opined that the claimant had a poor ability to adapt to changes in the workplace and to use public transportation to travel to strange places. This opinion is consistent with the totality of the medical evidence. In particular, the claimant's medical testing indicated no brain abnormalities and only mild cognitive impairment and his improved depression and anxiety with medication. As such, I accord some weight to this opinion.
>
> W.L. Horton, M.D. on May 17, 2016 concluded that the claimant's depression and anxiety limited his functioning, but the claimant had a good long-term prognosis. He opined that the claimant had poor ability to understand and remember detailed or complex instruction, to carry out instructions, and to attend and concentrate. He opined further that the claimant had a fair ability to understand and remember very short and simple instructions and to work without supervision. Dr. Horton opined further that the claimant had a poor ability to interact with co-workers, to adapt to changes in the workplace, and to use public transportation to travel to unfamiliar places. He opined further that the claimant had a fair ability to interact with the public and supervisors and to be aware of normal hazards and react appropriately. This opinion is consistent with the totality of the medical evidence. In particular, the claimant's medical

5

> testing that indicated no brain abnormalities and only mild cognitive impairment and his improved depression and anxiety with medication. As such I accord some weight to this opinion.

*Id.* at 25. The ALJ wrote that each of these opinions was "consistent with the totality of the medical evidence," but declined to square that assertion with the obvious inconsistencies between the opinion of Regazzi and those of the treating physicians. For example and as noted *supra*, Regazzi opined that plaintiff was moderately limited in his ability to interact with coworkers and not significantly limited in his ability to accept instructions from supervisors. By contrast, Drs. Shirnoyama and Horton rated plaintiff's abilities to interact with coworkers and carry out instructions as "poor." *Id.* at 414, 442-43. "Poor," for the purposes of the treating doctors' medical statements meant "[t]he evidence supports the conclusion that the individual cannot usefully perform or sustain the activity." *Id.* at 414, 442. And these inconsistencies are not immaterial. The ALJ concluded that, in performing work, plaintiff could have occasional interaction with co-workers and could carry out[2] simple instructions – a finding that conflicted with the opinions of the treating doctors. *Id.* at 21.

The court finds it impossible to massage, either by inference or assumption, the foregoing inconsistencies in the ALJ's opinion. If each opinion is consistent with the medical evidence, then why accord great weight to one and only some weight to the other two? And, if each opinion is supported by the medical evidence, how can their disparate conclusions as to plaintiff's abilities be reconciled? If the ALJ believed that Dr. Regazzi was right (or, at the very least, *more right*) and Drs. Shirnoyama and Horton were wrong as to plaintiff's capacity to work, it behooved him to explain that finding. As it stands, the ALJ's decision attempts to have it both ways – it simultaneously credits and discounts the opinions of the treating doctors without parsing good from bad. Thus, the ALJ has failed to meet the requisite "specific and legitimate" standard for discounting these opinions. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("Even if

---

[2] The court recognizes that both Drs. Shirnoyama and Horton rated plaintiff's ability to *understand and remember* "very short and simple instructions" as fair. AR at 414, 442. Both differentiated that ability with his ability to *carry out* instructions, which each rated poor. *Id.*

the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record.").

The only question that remains is whether to remand for payment of benefits or for additional proceedings. The latter is more appropriate here. "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A court should remand for further administrative proceedings, however, unless it concludes that such proceedings would not serve a useful purpose. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). Under the foregoing standard, a remand for additional proceedings is proper. That the ALJ failed to adequately justify his decision to discount the treating doctors' opinions in this instance does not compel a finding that he is categorically unable to do so.

IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is DENIED;

3. This matter is REMANDED for additional administrative proceedings; and

4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: March 5, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7